**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **KEVIN C. BETSKOFF** | * | |
| *Plaintiff,* | * | |
| v. | * | Civil Case No. 1:25-cv-02306-JMC |
| **SAIA MOTOR FREIGHT LINE, LLC, et al.** | * | |
| | * | |
| *Defendants*. | | |

\* \* \* \* \* \* \*

**<u>MEMORANDUM OPINION AND ORDER</u>**

Presently pending before the Court is *pro se* Plaintiff Kevin C. Betskoff's Motion to Extend the Discovery Schedule, which he raised in his April 20, 2026 Status Report. (ECF No. 50). Defendants oppose the motion. (ECF No. 48). The motion is fully briefed, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). As set forth immediately below, Plaintiff's Motion to Strike shall be GRANTED.

## I.    RELEVANT BACKGROUND

This case arises from a motor vehicle accident that occurred on January 4, 2024, at the intersection between Main Street and 5th Street in McSherrytown, Pennsylvania. (ECF Nos. 1 at 2, 12-7 at 2). On November 25, 2025, the Court issued an Opinion and Order granting in part and denying in part summary judgment for Defendants. (ECF No. 34). Defendants filed their Answer on December 1, 2025. (ECF No. 35). The Court issued a Proposed Scheduling Order that same day. (ECF No. 36). The Court granted Plaintiff's motion to modify the Scheduling Order on December 16, 2025, thereby extending the discovery deadline to April 10, 2026. (ECF No. 43).

On April 13, 2026, Defendants filed a Status Report indicating that discovery has essentially completed, yet Defendants need to provide Plaintiff with their executed Answers to

1

Interrogatories.  (ECF No. 48).  They further indicated "Defendants are still waiting for responses to a few outstanding subpoenas duces tecum. However, no additional new discovery is needed." *Id.* at 1.  Plaintiff filed a Status Report on April 14, 2026, in which he moved for a sixty to ninety day extension to the discovery schedule.  (ECF No. 50).  He represented that as of April 10, 2026, he was only able to depose Defendant Trinidad Holguin, he had to change his interrogatory questions, and he was "buried…in a voluminous amount of paperwork." *Id.* at 1.  He made clear that he seeks other discovery, such as information from his medical providers, and there was a deposition scheduled for April 10, 2026.  *Id.* at 2.

## II.    STANDARD OF REVIEW

District courts have broad discretion to manage the timing of discovery. *Ardrey v. United Parcel Serv.,* 798 F.2d 679, 682 (4th Cir.1986).  A party must demonstrate good cause to amend the scheduling order under Federal Rule of Civil Procedure 16.  Fed. R. Civ. P. 16(b)(4); *DiStefano, Inc. v. Tasty Baking Co.*, Civil Case No. SAG-22-01493, 2024 WL 1329268, at *2 (D. Md. Mar. 28, 2024) ("[A] party must first demonstrate good cause to modify the scheduling order deadlines, before also satisfying the Rule 15(a)(2) standard for amendment.") (internal quotations omitted). "The primary consideration of the Rule 16(b) 'good cause' standard is the diligence of the movant." *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 374 (D. Md. 2002) (citing *West Virginia Housing Dev. Fund. V. Ocwen Technology Xchange, Inc.*, 200 F.R.D. 564, 567 (S.D.W.Va. 2001)). Indications of a lack of diligence and carelessness are "hallmarks of failure to meet the good cause standard."  *Id.* "To establish good cause, the party seeking to amend the scheduling order must 'show that the deadlines cannot reasonably be met despite the party's diligence'" *Id.* (quoting *Cook v. Howard*, 484 F. App'x 805, 815 (4th Cir. 2012).

## III.    ANALYSIS

To begin, it is clear to the Court that while Defendants are satisfied with the extent of discovery that has been completed, there does exist outstanding information yet to be exchanged on behalf of both parties.  Moreover, both parties describe a diligent effort to comply with the Court's Scheduling Order. It is also clear Plaintiff has tried to comply with the federal and local rules that govern the discovery practices.  *See Stone v. Town of Cheverly, Maryland*, Case No.: GJH-17-353, 2020 WL 5849497, at *5 (D. Md. Sep. 30, 2020) (finding a pro se plaintiff engaged in bad faith and there was not good cause to extend the scheduling order when he did not comply with the federal and local rules governing discovery).

Based on review of parties' Status Reports, the Court observes that Defendants may no longer seek the extent of the information that Plaintiff indicated precluded his ability to comply with the present discovery deadline. If they do still seek such information, however, Plaintiff's Status Report makes clear that he will not be able to obtain the requested information for some time, despite his best efforts.  (ECF No. 50 at 1-2). All considered, the Court finds good cause to extend the discovery schedule by sixty days from the date of this Opinion and Order. Recognizing the importance of moving the case forward, this shall be the last modification to the discovery schedule absent extraordinary circumstances.

## IV.    CONCLUSION

Accordingly, it is hereby ORDERED that Plaintiff's Motion to Extend the Discovery Schedule (ECF No. 50) is GRANTED.   The parties shall file a status report on or before June 26, 2026.

/s/
_____
J. Mark Coulson
United States Magistrate Judge
April 27, 2026
