IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**KEVIN C. BETSKOFF**                         *

*Plaintiff,*                                  *

v.                                            *            Civil Case No. 1:25-cv-02306-JMC

**SAIA MOTOR**                                *
**FREIGHT LINE, LLC, et al.**
                                              *

*Defendants*.

\* \* \* \* \* \* \*

<u>**MEMORANDUM OPINION AND ORDER**</u>

Presently pending before the Court is *pro se* Plaintiff Kevin C. Betskoff's Motion to Compel and for Sanctions (ECF No. 54) and his Motion for Leave to File an Amended Complaint (ECF No. 56). The motions are fully briefed[1] (ECF Nos. 54, 55, 56, 57), and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). As set forth immediately below, Plaintiff's Motion for to Compel and for Sanctions (ECF No. 54) shall be DENIED and Plaintiff's Motion for Leave to Amend the Complaint (ECF No. 56) shall GRANTED in part and DENIED in part.

**I.      BACKGROUND**

This case arises from a motor vehicle accident that occurred on January 4, 2024 at the intersection between Main Street and 5th Street in McSherrystown, Pennsylvania. (ECF Nos. 1 at 2, 12-7 at 2).[2] Plaintiff was driving a 2008 GMC Envoy during the accident. (ECF No. 12-7 at 1). Defendant Tinidad Holguin was driving Defendant SAIA's 2018 Volvo Fleet Truck. *Id.* Just before

---

[1] On June 18, 2026, the Court directed Plaintiff to file any reply to Defendants' opposition to his motion to compel within seven days. (ECF No. 58). Although Plaintiff filed a timely reply to the Defendants' response in opposition to the motion for leave to amend the complaint, Plaintiff did not file a timely reply to the motion to compel and for sanctions.

[2] When the Court cites to a specific page number or range of page numbers, the Court is referring to the page numbers provided in the electronic filing stamps located at the top of every electronically filed document. If there are none, the Court is referring to the page number of the PDF.

the accident, Defendant Trinidad Holguin was traveling westbound on Main Street, and Plaintiff was driving behind him. *Id.* at 2. As Defendant Trinidad Holguin approached the intersection between Main Street and 5th Street, he slowed to a stop. (ECF Nos. 1 at 3; 12-4 at 1). According to Plaintiff, Defendant Holguin "was stopped in the middle of the street with its four-way flashers on." (ECF No. 1 at 2). Plaintiff "came up behind the semi-truck heading west on his way toward Gettysburg from Hanover." (ECF No. 1 at 3). He "proceeded to go around the semi like one would do with any other delivery truck stopped in the middle of the street." *Id.* The parties subsequently collided when Defendant Trinidad Holguin started a left-hand turn onto 5th Street and Plaintiff attempted to veer back into the westbound lane. (ECF No. 12-3). In a Memorandum Opinion and Order dated November 25, 2025, the Court denied in part the Defendants' motion for summary judgment on the issue of comparative negligence. (ECF No. 34). The discovery period commenced, and in a Memorandum Opinion and Order dated April 27, 2026, the Court extended the discovery deadline to June 26, 2026.[3] (ECF No. 51).

Thereafter, Plaintiff filed a status report describing a contentious discovery dispute (ECF No. 52) and ultimately filed the instant motion to compel responses to discovery and for sanctions. (ECF No. 54). Shortly thereafter, he filed a motion for leave to amend the complaint to align certain allegations with information learned during discovery. (ECF No. 56). Defendants oppose both motions. (ECF No. 55, 57).

The motion to compel and for discovery sanctions raises the following facts. On March 3, 2026, Plaintiff propounded interrogatories to Defendant Trinidad Holguin by way of personal

---

[3] It is apparent that discovery has not yet concluded in view of the recently filed Motion to Compel under Rule 45. (ECF No. 60). Although Plaintiff's recent status reports and briefing suggests there may be specific discovery concerns, Plaintiff does not articulate any. (ECF Nos. 52, 54). On June 29, 2026, Defendant filed a status report indicating that the records that are the subject of the pending Motion to Compel are the sole remaining documents pending discovery. (ECF No. 60, 61).

service on Defendants' attorney.  (ECF No. 54-1).  Plaintiff propounded his request for Production of Documents on Defendant SAIA.[4]  (ECF No. 54-2).  Plaintiff posits that as of May 12, 2026, he had not received any of the requested discovery material.  (ECF No. 54 at 1).  The central allegation underlying Plaintiff's motion to compel and motion for sanctions is that Defense Counsel has engaged in serious misconduct during the course of discovery, including the allegation that he has repeatedly lied to the Court and Plaintiff.  (ECF No. 52, 54).  The Court finds no evidence of either.

## II.    ANALYSIS

### A.    Motion to Compel

Plaintiff filed a Motion to Compel pursuant to Rule 37(a).  (ECF No. 54).  To begin, the Court's informal discovery memorandum (ECF No. 37) governs the practices this Court requires before intervening in discovery disputes.  The Court notes that it is not this Court's practice to address discovery motions before the parties have complied with the Court's Informal Discovery Memorandum such that the Court has an opportunity to advise that formal briefing is necessary. (ECF No. 37 at 1).  Although *pro se* litigants like Plaintiff are entitled to some leniency in navigating the legal system's unfamiliar terrain, they are nonetheless "responsible for performing all duties imposed upon counsel" by this Court's Local Rules.  *Adams v. Sharfstein*, Civil Case No. CCB–11–3755, 2012 WL 2992172, at *4 (D. Md. Jul. 19, 2012). Although Plaintiff did not follow the Court's Informal Discovery Memorandum, the Court will nevertheless consider the motion in light of the parties' briefing and reminds Plaintiff of his obligations to comply with the governing procedural and Local Rules.  *See* Loc. R. 101.1(a).

---

[4] Plaintiff states that he served a Request for Production of Documents on both Defendants on March 21, 20267. However, review of the record shows only a Request for Production of Documents to Defendant SAIA.  (ECF No. 54-2).

To begin, Court understands that Plaintiff is displeased with the manner in which discovery has proceeded and the nature of the responses Defendants have provided. *See generally* (ECF Nos. 52, 54). However, based upon the extensive record before the Court, there is no evidence that Defendants have not provided any discovery or that Defense Counsel has engaged in any intentional act of deceit. The Court is mindful of Rule 26(g), which indicates that by signing any discovery requests, responses, and objections, that "an attorney or party certifies that to the best of the person's knowledge, information, and relief formed after a reasonable inquiry…[is] not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 26(g). Defense Counsel has made such certifications in this case. The Court finds no evidence from which a conclusion can be drawn that Defense Counsel has violated his Rule 26(g) or Rule 11 obligations.

To the contrary, Defense Counsel's Opposition describes a different set of facts showing extensive document production, even if the production did not result in the discovery of information Plaintiff hoped to receive. (ECF Nos. 55-1, 55-2, 55-3, 55-4, 55-5, 55-6, 55-7, 55-8). The Court is somewhat confused by Plaintiff's repeated statements that "there is no credible evidence that [Defense counsel] sent [Plaintiff] the requested discovery," because the Court has reviewed the exhibits showing that Defendants did produce discovery before Plaintiff filed the instant motion. (ECF No. 54). From what the Court can observe, Defendants produced responses to Plaintiff's request for production at the very least by email on April 10, 2026 (ECF Nos. 55-1, 55-2, 55-3) and responses to Plaintiff's interrogatories on April 13, 2026 (ECF Nos. 55-4, 55-5). The Court has also reviewed extensive email communication between Plaintiff and Defense Counsel's office concerning the discovery exchanges. (ECF No. 55-6). Without any evidence of a specific deficiency, the evidence before the Court does not support the allegations that

4

Defendants have failed to produce discovery or that Defense Counsel has engaged in any deceitful conduct.

Therefore, Plaintiff's request for an order compelling an immediate, unspecified production (ECF No. 54) is DENIED.

### B.    Motion for Sanctions

Under Federal Rule of Civil Procedure 37(b)(2), the Court may impose sanctions when a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A); *see Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 520 (D. Md. 2010) (collecting cases imposing sanctions for failing to follow "a wide variety of orders" designed to provide or permit discovery). Moreover, "[b]efore the Court orders any sanction under Rule 37, it must first consider four factors: '(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective.' " *Brito v. New Life Healthy Living, LLC*, No. CJC-24-1124, 2025 WL 2638030, at *5 (D. Md. Sept. 9, 2025) (quoting *Belk v. Charlotte-Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001)).

The allegations Plaintiff makes are serious, and the Court does not take them lightly. Yet based on the analysis above, the Court can find no basis upon which Rule 37 sanctions would be proper. Here, there is no evidence of bad-faith, any prejudice to Plaintiff, or a need for deterrence. *Brito*, 2025 WL 2638030, at *5. The Court has reviewed the discovery correspondence, certificates of service, and responses Plaintiff states the Defense never produced. (ECF Nos. 55-1, 55-2, 55-3, 55-4, 55-5, 55-6, 55-7, 55-8). Although the Court understands that Plaintiff has various grievances with Defense Counsel's discovery conduct (ECF Nos. 52, 54), there is simply no evidence supporting the serious allegations Plaintiff makes in his filings.

Therefore, the Motion for Sanctions (ECF No. 54) is DENIED.

### C.      Motion for Leave to Amend[5]

Pursuant to Federal Rule of Civil Procedure 15(a)(2), when a party's timeframe for amending its pleading as a matter of course expires, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." "Under Rule 15(a), the district court 'has broad discretion concerning motions to amend pleadings . . .'" *Macsherry v. Sparrows Point, LLC*, No. ELH-15-22, 2016 WL 8669914, at *8 (D. Md. Oct. 28, 2016) (quoting *Booth v. Maryland*, 337 F. App'x 301, 312 (4th Cir. 2009) (per curiam)) (other citation omitted).  The Supreme Court of the United States has stated:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.— the leave sought should, as the rules require, be 'freely given.'  Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) ("Leave to amend a pleading should be denied only when the amendment

---

[5] A federal court sitting in diversity applies the choice of law rules of the forum state in which it sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, (1941). Maryland adheres to the *lex doci delicti* rule in analyzing choice of law problems with respect to causes of action sounding in tort. *Erie Ins. Exch. v. Heffernan*, 399 Md. 598, 925 A.2d 636, 648–49 (2007); *Lab. Corp. of Am. v. Hood*, 395 Md. 608, 911 A.2d 841, 844 (2006); *Wells v. Liddy*, 186 F.3d 505, 521 (4th Cir.1999). Under *lex loci delicti*, the substantive rights of the parties "are to be determined by the law of the state in which the alleged tort took place."  Accordingly, the Court recognized at first the summary judgment motion that Pennsylvania state law will govern the questions of substantive law in this case, as the actions giving rise to the cause of action here took place in Pennsylvania.  (ECF No. 34 at 8).  Because a "federal court sitting in diversity applies federal procedural rules and state substantive rules," the preceding motions are governed by the Federal Rules of Civil Procedure. *Moreno v. Bosholm*, 151 F.4th 543, 559–60 (4th Cir. 2025) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)).  The Court will apply Pennsylvania law when deciding whether the proposed allegations are plausible.

would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.").

Regarding futility, "[t]here is no question, to be sure, that leave to amend would be futile when an amended complaint could not survive a Rule 12(b)(6) motion." *Morgan v. Coppin State Univ.*, No. SAG-20-0427, 2020 WL 6485083, at *2 (D. Md. Nov. 4, 2020) (quoting *Aura Lights US Inc. v. LTD Int'l LLC*, Nos. GLR-15-3198 & GLR-15-3200, 2017 WL 2506127, at *5 (D. Md. June 8, 2017)) (internal citation omitted). "Yet, the Court need not apply the Rule 12(b)(6) standard when determining whether leave to amend would be futile. [Rather], [t]he Court applies a much less demanding standard: whether the proposed amendment is clearly insufficient or frivolous on its face." *Morgan*, 2020 WL 6485083 at *2 (quoting *Aura Lights US Inc.*, 2017 WL 2506127 at *5) (internal citation and quotation marks omitted).

In considering whether a claim is futile, the Court is mindful of Plaintiff's *pro se* status. "*Pro se* pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers." *Farrish v. Navy Fed. Credit Union*, No. CV DKC 16-1429, 2017 WL 4418416, at *2 (D. Md. Oct. 5, 2017), *aff'd*, 711 F. App'x 189 (4th Cir. 2018). This permits the Court to "consider additional facts and information supporting the complaint that is provided in an opposition to a motion to dismiss." *Morris v. Mem'l Dev. Partners, LP*, No. 1:23-CV-01641-JMC, 2024 WL 2155050, at *4 (D. Md. May 14, 2024). However, this "does not mean that the court should rewrite the complaint to include claims never presented." *Farrish*, 2017 WL 4418416, at *2; *see also Barber v. Obama*, No. CV RDB-12-2614, 2012 WL 12877388, at *1 (D. Md. Sept. 6, 2012), *aff'd*, 505 F. App'x 278 (4th Cir. 2013) ("A court is not obligated to ferret through a Complaint, searching for viable claims."). Nor does it require judges to "construct a party's legal arguments for him."

*Johnson v. Navient Sols. LLC*, No. GJH-18-3612, 2019 WL 2270651, at *2 (D. Md. May 28, 2019) (quotation omitted).

Plaintiff seeks leave to amend the Complaint under Rule 15(a)(2) to add factual allegations that were revealed during discovery as well as two causes of action. (ECF No. 56-1). Those first include factual allegations that (1) Defendant Trinidad Holguin lied at his deposition when he stated Plaintiff was in his "blind spot,[6]" (2) that Defendant Trinidad Holguin was on his phone with his wife before the accident, (3) that Defendant Trinidad Holguin stated he had driven on 5th street on multiple occasions prior to the collision, and (4) that Officer Kitzmiller testified that commercial trucks should not drive on 5th Street.[7] (ECF No. 56-1 at 4-5). Second, Plaintiff seeks leave to amend to add claims of negligence per se and gross negligence.

### 1. Proposed Claims

Defendants have illustrated that a gross negligence claim with punitive damages is futile based on the high bar imposed by claims for negligence per se and for punitive damages. Pennsylvania courts define gross negligence as "a form of negligence where the facts support substantially more than ordinary carelessness, inadvertence, laxity, or indifference. The behavior of the defendant must be flagrant, grossly deviating from the ordinary standard of care." *Bloom v. Dubois Reg'l Med. Ctr.*, 409 Pa. Super. 83, 597 A.2d 671, 679 (Pa. Super. Ct. 1991). Likewise, "[a] defendant is grossly negligent when he fails to exercise even scant care and his conduct

---

[6] The Court will not allow Plaintiff to amend the complaint to allege discovery violations; the Court will not open the door to amendments at each instance in which Plaintiff disagrees with the Defense's characterization of the facts. Questions of whether the facts entitle Plaintiff to relief and who presents credible testimony is a question for the fact finder. Accordingly, the Court will consider instead whether Plaintiff may allege that his vehicle was in Defendant Trinidad Holguin's view in greater detail below. *See e.g.*, *Carson v. Nat'l R.R. Passenger Co.*, No. 5:17-cv-01949, 2018 WL 2688307, at *5 (E.D. Pa. Jun. 4, 2018) ("First, the [plaintiffs] are not permitted to include allegations or claims concerning the manner in which [d]efendants or their counsel have conducted discovery in this matter, nor are they permitted to include allegations or claims concerning any written statements…produced in discovery.").

[7] Again, matters of witness testimony and credibility are subject to the fact finder's evaluation. For the sake of ensuring the amendment here conforms with the usual practice of pleading, the Court will consider whether Plaintiff may amend the Complaint to add an allegation that commercial trucks are not permitted on 5th Street.

amounts to an extreme departure from ordinary care." *Feleccia v. Lackawanna Coll.*, 654 Pa. 324, 215 A.3d 3, 20 (2019).  In Pennsylvania, a showing of recklessness or a conscious disregard of risk is immaterial; rather the question turns on whether the defendant failed to exercise even scant care such that the conduct amounts to an extreme departure from ordinary care.  *Dragone v. Pew*, 621 F. Supp. 3d 561, 565 (E.D. Pa. 2022).  In the motor tort context, a Pennsylvania court recognized one such instance in which a plaintiff did state a claim for gross negligence, such as when a plaintiff alleged the defendant was driving a fifty-two-thousand-pound tractor trailer at an unsafe speed on a dangerous, crowded vehicle and the defendant failed to slow down despite seeing brake lights ahead.  *Id.*  Similarly, punitive damages may be awarded only for "outrageous conduct, evil motive, or reckless indifference to others."  *Id.* at 567. (citing *Feld v. Merriam*, 506 Pa. 383, 485 A.2d 742, 747 (Pa. 1984)).  Pennsylvania has recognized punitive damages as "an extreme remedy available only in the most exceptional circumstances."  *Russell v. Chesapeake Appalachia, LLC*, No. 4:14-cv-00148, 2014 WL 6634892, at *2 (M.D. Pa. Nov. 21, 2014).

Here, the Court is poised in a unique procedural posture, as the parties have produced much discovery through their previous briefing, and discovery has nearly concluded.  As the Court recognized at the first summary judgment posture, genuine issues of material fact remain with respect to simple negligence because "whether it was Defendant Trinidad Holguin or Plaintiff who acted unreasonably and caused the accident, at least in part depends on which light signals were active before Plaintiff drove over the double-yellow line." (ECF No. 34 at 10).  Unlike the extreme scenario presented in *Dragone*, at issue here is simply whether "Defendant Trinidad Holguin engaged his left turn signal or whether he had his hazards on."  *Id.*  The proposed allegations, taken as true and together with those already pled, simply do not reach the high bar for gross negligence. *Dragone*, 621 F. Supp. 3d at 656; *Feleccia*, 215 A.3d at 20.  Critically here, the parties do not

dispute that the accident happened at a relatively low speed, that Plaintiff drove over a double-yellow line to try and drive around Defendant Trinidad Holguin, and that the accident happened on a two-lane street with traffic in either direction. *See generally* (ECF No. 34). This is a stark contrast from the collision on a high-speed, dangerous highway involving an oversized tractor trailer that drove into the plaintiff in *Dragone*. Even if a jury finds that Defendant Trinidad Holguin had his hazards on and made an illegal left turn, while speaking to his wife with earbuds in, no reasonable jury could find that such conduct amounts to gross negligence in this context. *Dragone*, 621 F. Supp. 3d at 656. Therefore, because gross negligence requires such a degree of deviation of the standard of care that simply is not presented here, an amendment here would be futile. Similarly, a claim for punitive damages would be futile because the facts on this record, including the proposed additional facts, do not plausibly allege outrageous conduct, evil motive, or reckless indifference to others.[8] *Dragone*, 621 F. Supp. 3d at 567. Therefore, leave to amend a gross negligence claim for punitive damages is DENIED.

Turning next to the proposed negligence per se claim, Plaintiff would like to add a cause of action because as he contends, Defendant Trinidad Holguin made an illegal turn onto a street where trucks cannot legally drive. However, under Pennsylvania law, "[n]egligence per se is not a separate cause of action, but is instead a theory of liability that supports a negligence claim."

---

[8] Although Pennsylvania courts regularly deny claims for punitive damages in motor tort cases, the Court observes several differences between the issue here and those commonly recognized in Pennsylvania. *See, e.g., Kerlin v. Howard*, No. 4:18-CV-00481, 2018 WL 4051702, at *1 (M.D. Pa. Aug. 24, 2018); *Wydra v. Bah*, No. 3:15-CV-1513, 2016 WL 297709, at *2 (M.D. Pa. Jan. 22, 2016); *Cobb v. Nye*, No. 4:14-CV-0865, 2014 WL 7067578, at *4 (M.D. Pa. Dec. 12, 2014); *Ferranti v. Martin*, No. 3:06-CV-1694, 2008 WL 111272, at *2 (M.D. Pa. Jan. 8, 2008). In those instances, the courts have not yet had the benefit of reviewing discovery, as has taken place here. *See Alexander v. Western Express*, CIVIL ACTION NO. 22-236, 2019 WL 6339907, at *9 (M.D. Pa. Oct. 18, 2019) ("[C]ourts routinely deny requests to dismiss punitive damages claims in motor vehicle accident cases *at the outset of litigation*.") (emphasis added). Here, because Defendants' responsive pleading was a motion for summary judgment, the Court has already reviewed dash-camera footage, declarations by the parties, and is well-familiar with the facts. Moreover, Plaintiff's motion for leave to amend has been raised specifically to add allegations based on facts revealed during discovery. As such, it cannot be said that this motion takes place at the outset of discovery when dismissing claims for punitive damages is disfavored. *See id.*

*Simmons v. Simpson House, Inc.*, 224 F. Supp. 3d 406, 417 (E.D. Pa. 2016). Accordingly, a negligence claim "subsume[s]" a claim of negligence per se, and the court must dismiss the standalone negligence per se claim to permit plaintiffs to plead it as a theory for liability under general negligence. *Id.*; *see also Ramsey v. Summers*, No. 10-cv-00829, 2011 WL 811024, at *2 (W.D. Pa. Mar. 1, 2011) (citing *Zaborowski v. Hospitality Care Ctr. of Hermitage, Inc.*, 60 Pa. D. & C.4th 474, 498 (Pa. Com. Pl. 2002)) (dismissing negligence per se claim but "grant[ing] plaintiffs] leave to amend their Complaint to incorporate the negligence per se claim within the negligence claim"). Where a plaintiff attempts to assert both negligence and negligence per se, the theory of negligence per se serves as "an evidentiary presumption that, in certain circumstances a defendants [*sic*] mere breach of a statute's requirements is proof of a breach of its duty of care." *Russell*, 2014 WL 6634892, at *3.

Defendants have not specifically addressed the proposed negligence per se claim at this juncture. However, the Court understands Plaintiff would like to amend the Complaint to add a stand-alone negligence per se claim. Against the backdrop above, doing so would be improper. However, the Court will grant leave to amend incorporate the theory into the Complaint. Review of the Complaint does confirm that Plaintiff has not pled a theory of negligence per se under Count I (Negligence). Applying the liberal standards afforded to *pro se* litigants and under Rules 8 and 15(a), the Court is inclined to grant leave to amend whereby Plaintiff may add allegations under Count I describing his theory that Defendant Trinidad Holguin made an unlawful turn onto a street in violation of a specific traffic statute.

Turning now to Defendants' standalone prejudice argument, the Defense raises a concern that any late-state amendments will prejudice the Defendants. However, Plaintiff has not requested greater discovery on this issue, nor has Defendant described any discovery that would have to

result from allegations concerning whether Defendant Trinidad Holguin made an illegal turn. Moreover, the Court observes that this is not the first time that arguments about an alleged illegal turn have been at issue in this litigation. Indeed, the Court considered arguments (in a simple negligence context) that Plaintiff "had no expectation or belief that a professionally driven commercial tractor trailer would be turning left or right onto 5th Street…[b]ecause no trucks are allowed" when evaluating the motion for summary judgment. (ECF No. 30 at 8). At that juncture, Defendants countered, "vehicles making local deliveries or pickups may be exempted from restrictions on the use of highways imposed under this subsection." 75 Pa. C.S.A. § 4902. When the Court previously contemplated this issue, the Court recognized that in the comparative negligence context, Defendants may well argue Defendant Trinidad Holguin was making a delivery on 5th street, thereby making a lawful turn. (ECF No. 34). The Court recognized that such an argument will shed light on the reasonableness of his conduct. *Id.* Accordingly, it cannot be said that this proposed amendment has caused any unfair surprise, even if the proposed amendment has come at a later stage in the discovery process. Defendants do not point to any specific prejudice other than a late-stage argument, which the Court does not find persuasive considering they knew of Plaintiff's theory as early as the motion to dismiss posture. To the extent that Plaintiff wishes to amend his Complaint in order to incorporate such a theory, he may do so. *Simmons*, 224 F. Supp. 3d at 417.

Therefore, Plaintiff's Motion for Leave to Amend (ECF No. 56) is GRANTED to the extent that Plaintiff amend Count I to encompass a theory of negligence per se. Plaintiff may not add a claim of gross negligence or punitive damages.

    *2.      Proposed Factual Allegations*

The Court now turns to the proposed factual allegations. Applying the notes adjusting the allegations to be considered above, the contemplated allegations include (1) Plaintiff was not driving in Defendant Trinidad Holguin's blind spot (2) that Defendant Trinidad Holguin was on his phone with his wife through his earbuds[9] before the accident, (3) that Defendant Trinidad Holguin had driven on 5th street on multiple occasions prior to the collision, and (4) that commercial trucks should not drive on 5th Street under a specific Pennsylvania statute. Contrary to Defendants' assertions that the proposed allegations prejudice the defense, the Court cannot find any basis upon which it can agree such that denying leave to amend would be proper. For example, the allegations cannot be said to substantially change a theory of the case, as the dash-cam footage at issue earlier in this case shows Defendant Trinidad Holguin wearing earbuds. Moreover, what Plaintiff believes about his car placement and how familiar Defendant Trinidad Holguin may have been with 5th Street do not create any substantial change. Based on the reasoning above, the Court finds that allegations relating to the operative statute is consistent with the negligence per se claim. Finding that none of the narrow circumstances in which leave to amend should be denied are present, the Court will GRANT the Motion for Leave to Amend (ECF No. 56) the Complaint to add the allegations as stated herein. No other amendments shall be made without leave of the Court.

## III.    CONCLUSION

For the reasons stated immediately above, it is this 1st day of July 2026 ORDERED:

(1) Plaintiff's Motion to Compel and for Sanctions (ECF No. 54) is DENIED;

---

[9] Plaintiff's reply brief clarifies that he alleges the conversation took place through Defendant Trinidad Holguin's earbuds.

(2) The Court's Informal Discovery Memorandum (ECF No. 37) shall govern future discovery disputes, if any;

(3) Plaintiff's Motion for Leave to Amend (ECF No. 56) is DENIED in part and GRANTED in part such that Plaintiff may amend his negligence claim to add a theory of negligence per se and he may add the following statements of fact:

   a. Plaintiff was not driving in Defendant Trinidad Holguin's blind spot

   b. Defendant Trinidad Holguin was on his phone with his wife through his earbuds before the accident

   c. Defendant Trinidad Holguin had driven on McSherrystown's 5th street on multiple occasions prior to the collision

   d. commercial trucks should not drive on 5th Street under a specific Pennsylvania statute. Plaintiff shall specify the statute(s) he believes Defendants violated;

(4) No other amendments are permitted without leave of the Court; and

(5) Plaintiff shall file his Second Amended Complaint within twenty-eight (28) days of the entry of this Opinion and Order.

Date: July 1, 2026 _____/s/_____

J. Mark Coulson
United States Magistrate Judge

14