IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **KEVIN C. BETSKOFF** | * | |
| *Plaintiff*, | * | |
| v. | * | Civil Case No. 1:25-cv-02306-JMC |
| **SAIA MOTOR FREIGHT LINE, LLC, et al.** | * | |
| | * | |
| *Defendants*. | | |

\* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Presently pending before the Court is Defendant SAIA Motor Freight Line, LLC and Petro

V. Trinidad Holguin's (together, "Defendants") his Motion to Compel the Custodian of Records

of the Baltimore VA Medical Center to Produce Subpoenaed Records and for Sanctions (the

"Motion"). (ECF No. 60). The motion is unopposed[1] (ECF No. 60), and no hearing is necessary.

*See* Loc. R. 105.6 (D. Md. 2025). As set forth immediately below, the Motion shall be GRANTED

in part and DENIED in part.

## I.    BACKGROUND

The instant litigation arises from a car accident that occurred on January 4, 2024.  (ECF

No. 46).  Plaintiff alleges numerous permanent injuries and seeks damages accordingly.  *See id.*

During discovery, Plaintiff identified the Baltimore VA as one of his treating medical providers.

(ECF No. 60 at 1).[2]  Defendants served a subpoena on the custodian of Records for the Baltimore

---

[1] Defendant filed the Motion (ECF No. 60) on June 23, 2026. Defendant served the Motion on the Custodian of Records for the Baltimore VA Medical Center by way of first-class mail, postage prepaid the same day.  The Baltimore VA Medical Center was served under Rule 45 on January 30, 2026.  Defendants followed up by way of a letter requesting a response to the Subpoena on March 4, 2026.  (ECF No. 60-3).  The time in which to appear and respond has passed. Moreover, the Motion has been brought in the district in which discovery has taken place.  Fed. R. Civ. P. 37, 45.

[2] When the Court cites to a specific page number or range of page numbers, the Court is referring to the page numbers provided in the electronic filing stamps located at the top of every electronically filed document. If there are none, the Court is referring to the page number of the PDF.

VA on January 30, 20265, along with a Notice to take Depositions Duces Tecum by way of certified mail. (ECF Nos. 60-1, 60-2). The Subpoena requests "all records concerning your patient Kevin C. Betskoff from January 1, 2014 through present day and fully detailed in the attached deposition duces tecum notice." (ECF No. 60-2 at 2).

Under the subpoena, Baltimore VA was required to produce the documents no later than March 11, 2026. (ECF No. 60-2). Seeing no response as of March 4, 2026, Defendants followed up by way of a written letter. (ECF No. 60-3). Defendants represent that on April 8, 2026, Plaintiff advised he would see Dr. Karla Sanches with the Baltimore VA to ask her to authorize the release of the medical records. Defendants sent a second letter on April 8, 2026 seeking to confirm whether the Baltimore VA has any objection to the subpoena. (ECF No. 60-4). Defendants received no response. Defendants sent a third follow up letter on June 8, 2026 confirming that Plaintiff does not object to the Defendants' request for records and stated their intent to file a motion to compel should they receive no response by the end of that week. (ECF No. 60-5). The Baltimore VA provided no such answer.

Defendants represent that as of June 23, 2026, the Baltimore VA had not filed any formal objection, a motion to quash, or any response to the subpoena, which is now over two months overdue. Review of the record shows full compliance with HIPAA.

## II.    ANALYSIS

### A.    Motion to Compel

Rule 45 of the Federal Rules of Civil Procedure governs subpoenas issued to third parties. In response to such a subpoena, a nonparty may file a motion to quash pursuant to Fed. R. Civ. P. 45(c)(3)(A) or oppose a motion to compel production of the subpoenaed documents pursuant to

Fed. R. Civ. P. 45(c)(2)(B). Rule 45 adopts the standard codified in Rule 26, which allows for discovery of any matter provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).  In addition, pursuant to Rule 45(d)(1), "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena" and the Court has a responsibility to enforce this duty. Fed. R. Civ. P. 45 (d)(1). Further, under Rule 45(d)(3), if a subpoena falls outside the scope of permissible discovery, then the Court has authority to quash or modify it. Fed. R. Civ. P. 45(d)(3).

To begin, the Court observes that consistent with Defendants' representation, Plaintiff has made effort to obtain the records by way of an office visit with verbal requests and has not filed any opposition. (ECF No. 50).  Seeing as the initial subpoena was served well within the discovery period and Defendants fully complied with Rule 45, the Court is inclined to find that compelling the production of records is appropriate if Rule 26 is satisfied.  The Court recognizes that a plaintiff's medical records are "are within [his] possession and control and [are] therefore discoverable under Rule 34(a)(1), if relevant." *Mezu v. Morgan State Univ.*, 269 F.R.D. 565, 580 (D.Md.2010).  That said, even Plaintiff has attempted to obtain his medical records and the Baltimore VA has prevented him from doing so.  (ECF No. 50).  Moreover, the record shows multiple efforts on both parties' behalf to obtain the requested documents from the VA by way of physical office visits and follow up letters.

3

Turning to the substantive request, the Court finds that Plaintiff's medical records corresponding to treatment he received and has put at issue in this case are directly relevant to the issue of damages. Fed. R. Civ. P. 26(b). At the same time, the Court finds that requesting records dating back to 2014 to be excessive.  Because the accident occurred on January 4, 2024, and subsequent medical treatment would only take place thereafter, the Court is not inclined to permit discovery dating ten years prior.  Recognizing that pre-existing conditions may be at issue in this case, although Defendants do not detail such a theory, the Court will permit some record production prior to the accident.  The Court finds a five-year treatment period sufficient to establish whatever information Defendants may wish to review as a counter-argument to Plaintiff's claim for damages.  Therefore, the Court will modify the request such that the start date shall be January 4, 2019, and the VA shall provide records through the present day.

Based on the record before it, the Motion to Compel (ECF No. 60) is GRANTED subject to the limitations described above.

## B.      Motion for Sanctions

Defendants ask for the impositions of costs and attorney's fees affiliated with filing the present motion to compel.  However, Defendants do not specify whether they seek to hold the Baltimore VA in contempt by way of Rule 45(g) or whether they seek to impose sanctions under some other basis.  Holding the VA in civil contempt requires greater analysis on a record that is insufficient at this time. Without a better understanding, the Court is not prepared to impose sanctions in an unspecified monetary value against the Baltimore VA, especially before the Court has issued an order directing them to comply in the first place.  Should the VA fail to comply with the Order compelling them to respond as stated in more detail below, Defendants are free to raise a more specific motion, if appropriate.

Therefore, Defendant's paragraph requesting unspecified sanctions is DENIED without prejudice.

## III.    CONCLUSION

For the reasons stated immediately above, it is this 9th day of July 2026 ORDERED:

(1)  Defendants' Motion to Compel (ECF No. 60) is GRANTED;

(2)  Defendants' Motion for Sanctions raised in ECF No. 60 is DENIED without prejudice; and

(3)  The Baltimore VA shall, within twenty-one days of the entry of this Opinion and Order produce Plaintiff's medical records from January 4, 2019 to present day.

Date: July 9, 2026                                  _____/s/_____

J. Mark Coulson
United States Magistrate Judge