**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **KEVIN C. BETSKOFF** | * | |
| *Plaintiff*, | * | |
| v. | * | Civil Case No. 1:25-cv-02306-JMC |
| **SAIA MOTOR FREIGHT LINE, LLC, et al.** | * | |
| | * | |
| *Defendants*. | | |

* * * * * * *

**MEMORANDUM OPINION AND ORDER**

Presently pending before the Court are two motions, Plaintiff's Motion to quash (ECF No. 64) and Plaintiff's Motion for Reconsideration (ECF No. 66). which essentially seek the same relief. (the "Motions"). The Motions are fully briefed (ECF Nos. 64, 66, 67, 69) and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). As set forth immediately below, the Motions shall be DENIED.

## I. BACKGROUND

The instant litigation arises from a car accident that occurred on January 4, 2024. (ECF No. 46). Plaintiff alleges numerous permanent injuries and seeks damages accordingly. *See id.* During discovery, Plaintiff identified the Baltimore VA as one of his treating medical providers. (ECF No. 60 at 1).[1] Defendants served a subpoena on the custodian of Records for the Baltimore VA on January 30, 2026, along with a Notice to take Depositions Duces Tecum by way of certified mail. (ECF Nos. 60-1, 60-2). Under the subpoena, Baltimore VA was required to produce the documents no later than March 11, 2026. (ECF No. 60-2). Seeing no response as of March 4,

[1] When the Court cites to a specific page number or range of page numbers, the Court is referring to the page numbers provided in the electronic filing stamps located at the top of every electronically filed document. If there are none, the Court is referring to the page number of the PDF.

2026, Defendants followed up by way of a written letter. (ECF No. 60-3). Defendants represent that on April 8, 2026, Plaintiff advised he would see Dr. Karla Sanches with the Baltimore VA to ask her to authorize the release of the medical records. Defendants sent a second letter on April 8, 2026 seeking to confirm whether the Baltimore VA has any objection to the subpoena. (ECF No. 60-4). Defendants received no response. Defendants sent a third follow up letter on June 8, 2026 confirming that Plaintiff does not object to the Defendants' request for records and stated their intent to file a motion to compel should they receive no response by the end of that week. (ECF No. 60-5). The Baltimore VA provided no such answer.

Defendants moved to compel the production of all medical records from the Baltimore VA, dating back to 2014, and for sanctions. (ECF No. 60). In a Memorandum Opinion and Order dated July 9, 2026, the Court granted the motion to compel, with the limitation that the Baltimore VA needed only to produce records dating back to January 4, 2019, which was five years before the accident. (ECF No. 63 at 4). The Court further denied the motion for sanctions. *Id.* at 4-5. Plaintiff has now moved to quash the subpoena and for reconsideration of the Court's July 9, 2026 Memorandum and Order, reiterating his repeated position that Defense Counsel's motions are based on lies to the Court.

## II. STANDARD OF REVIEW

Plaintiff brings the instant motion under Federal Rule of Civil Procedure 60(b). (ECF No. 69). However, Rule 60(b) applies to final judgments. Here, a discovery order is not a final judgment, and the motion is properly considered under Rule 54(b), which applies interlocutory judgments, such as a discovery order. Under Rule 54(b), a "district court retains the power to reconsider and modify its interlocutory judgments … at any time prior to final judgment when such is warranted." *U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Va., LLC*, 899 F.3d 236, 256

(4th Cir. 2018). However, "the discretion afforded by Rule 54(b) is not limitless" and "is subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Id.* at 256-57. Accordingly, an interlocutory order "may only be amended to account for '(1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice.'" *Taylor v. Edwards*, Civil No. RDB-19-1404, 2019 WL 7037957, at *1 (D. Md. Dec. 20, 2019). Although "the precise standard governing a motion for reconsideration of an interlocutory order is unclear, ... [c]ourts frequently look to the standards articulated in Federal Rules of Civil Procedure 59(e) and 60(b) for guidance in considering such motions." *Butler v. Directsat USA, LLC*, 307 F.R.D. 445, 449 (D. Md. 2015). Notably, however, "neither Rule 60(b) nor 59(e)" permits "reconsideration of already-argued issues." *Moore v. Lightstorm Ent.*, Case No. RWT-11- 3644, 2013 WL 4052813, at *4 (D. Md. Aug. 9, 2013); *see also Potter v. Potter*, 199 F.R.D. 550, 552 (D. Md. 2001) ("It is improper to use such a motion to ask the Court to rethink what the Court had already thought through — rightly or wrongly."). Accordingly, when a motion for reconsideration under Rule 54(b) "merely requests the district court to reconsider a legal issue or to change its mind, relief is not authorized." *Poling v. Marschik*, Case No. RWT 12-CV-454, 2015 WL 7076696, at *1 (D. Md. Nov. 13, 2015) (internal quotation omitted); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, Case No. DKC 10-3517, 2011 WL 6837656, at *2 (D. Md. Dec. 28, 2011), *aff'd sub nom,* 526 F. App'x 255 (4th Cir. 2013) (denying plaintiffs' motion for reconsideration because "they seek either to relitigate the same issues addressed by the opinion deciding the motions to dismiss or introduce new arguments that they failed to raise previously"). "Were it otherwise, then there would be no conclusion to motions practice, each motion becoming

nothing more than the latest installment in a potentially endless serial that would exhaust the resources of the parties and the court — not to mention its patience." *Potter*, 199 F.R.D. at 553.

## III. ANALYSIS

As the Court has already stated on several occasions, *pro se* litigants are entitled to some leniency. *Adams v. Sharfstein*, Civil Case No. CCB–11–3755, 2012 WL 2992172, at *4 (D. Md. Jul. 19, 2012). The Court has now reviewed multiple motions and other written representations from Plaintiff that make allegations of bad faith, deceit, and lies against Defense counsel. The Court acknowledges that Plaintiff strongly disagrees with Defendants' legal and factual arguments, as well as the scope of discoverable information. But Plaintiff's repeated accusations that Defense counsel has lied or otherwise fabricated the basis of Defendants' positions in this matter are entirely baseless. As the Court recognized when denying Plaintiff's motion for sanctions on July 1, 2026, the record does not support any finding of the deceit he describes.

Turning to the merits of the pending Motions, there is no evidence that Plaintiff filed a motion to quash in a timely fashion, nor did he file any objection with the Court or otherwise indicate as much when Defendants moved to compel the production. As such, the Court considers Plaintiff's arguments as untimely, and the Court has addressed the lack of evidence of deceit. Notwithstanding his purported waiver of the arguments raised in the Motion to Quash, the Court did limit the scope of discoverable records. As for his motion for reconsideration, the Court observes that Plaintiff's argument that the Baltimore VA did comply with the subpoena is unsupported by his exhibits, which do not show that the Baltimore VA complied with the Defendants' subpoena. The Court agrees with Defendants that Plaintiff's fifteen pages of partial records and a general privacy notice neither comply with the subpoena and Court's July 9, 2026 Order, nor do they bear on the instant motions. Review of the subpoenas confirms that neither has

been issued in Washington, D.C., as Plaintiff states, and the Court's previous Memorandum and Opinion acknowledged that Defendants did comply with HIPAA. Although the Court understands that navigating the legal system as a *pro se* Plaintiff is unfamiliar, the Court cannot remedy Plaintiff's stated concerns with his ability to print discovery materials, nor does the Court find that those complaints bear on the legal issues presented here. The Court finds that the arguments offered for the first time in Plaintiff's reply brief largely amount to complaints about the pitfalls of litigation and challenges presented by navigating the legal system without counsel. They do not give rise to alter the Court's July 9, 2026 Opinion and Order.

Even considering Plaintiff's belated arguments, the Court is unpersuaded to grant relief under the high bar imposed by Rule 54(b) and in view of the Court's wide consideration of the issues when they were timely. Similarly, the Court will not grant Plaintiff's belated request for sanctions, raised for the first time in his reply brief. "The Court expects that motions for sanctions will not be filed as a matter of course." Loc. R. 105.8(a) (D. Md. 2025). "Indeed, the filing of frivolous motions for sanctions—even by *pro se* litigants—is itself sanctionable conduct." *See Carrasco v. M&T Bank*, Civil Case No.: SAG-21-532, 2021 WL 4846844, at *10 (D. Md. Oct. 18, 2021) (citing *Scott v. Lori*, No. ELH-19-2014, 2020 WL 906351, at *2 (D. Md. Feb. 24, 2020)).

## IV. CONCLUSION

For the reasons stated immediately above, Plaintiff's Motions (ECF Nos. 64, 66) are DENIED.

Date: August 13, 2026 ____________/s/____________

J. Mark Coulson
United States Magistrate Judge